# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JOAN DARLENE POWELL, | ) | Case No. 05-46064 |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| | ) | |
| ELITE TRANSPORTATION | ) | |
| SPECIALISTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 06-4251 |
| | ) | |
| JOAN DARLENE POWELL | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| | ) | |
| ANTHONY SIELEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 06-4252 |
| | ) | |
| JOAN DARLENE POWELL | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

These consolidated adversary proceedings present virtually identical factual scenarios and a common legal issue. That issue is whether a state court's finding that the Debtor-Defendant transferred assets with the actual intent to hinder, delay, or defraud each of the Plaintiffs supports a determination – by application of the collateral estoppel doctrine – that the debts owed to the Plaintiffs are nondischargeable under 11 U.S.C. § 523(a)(6).

For the reasons stated below, we find that the state court judgments are entitled to collateral estoppel effect and that they do, indeed, support a determination by this Court that the debts arising from those judgments are nondischargeable under § 523(a)(6).[1]

---

[1] These adversary proceedings are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(I). This Memorandum Opinion constitutes the Court's findings and conclusions under Bankruptcy Rule 7052.

## FACTUAL BACKGROUND

The germane facts are straightforward and uncontested.

On December 15, 2003, the Plaintiffs, Elite Transportation Specialists, LLC. ("Elite") and Anthony Sieleman ("Sieleman"), obtained judgments (the "First Judgments") in the Associate Circuit Court of Henry County, Missouri, against Land Traveler, Inc. ("LT"). The Defendant and her husband, Richard Dale Powell, were the sole owners of LT. Sieleman's judgment was for $13,955, and Elite's judgment was for $10,090.35.

On November 1, 2004, Seileman and Elite obtained judgments (the "Second Judgments") in the Circuit Court of St. Clair County, Missouri, against the Powells and a second corporation they had incorporated, Land Traveler #1 ("LT #1"), jointly and severally, in the same amounts as the First Judgments. The Second Judgments are substantively identical except for the named plaintiff and damages awarded, and both judgments contain the following findings:

1. The First Judgments against LT became final on January 14, 2004.

2. On January 16, 2004, Joan Powell and Richard Powell incorporated LT #1; transferred substantially all of LT's assets to LT #1; and LT #1 took control of substantially all of LT's assets.

3. The Powells, in their capacity as officers of LT and LT #1, transferred substantially all of the assets of LT to LT #1 with the actual intent to hinder, delay or defraud Elite and Seileman in collecting amounts from LT to satisfy the First Judgments.

4. The Powells used LT's and LT #1's corporate structures to: a) fraudulently transfer capital from LT to LT #1, b) to fraudulently avoid Elite and Seileman's collection of LT's assets, and c) to fraudulently avoid Elite's and Seileman's ability to satisfy the First Judgments.

5. The transfers resulted in significant loss to Elite and Sieleman in the amounts set forth in the First Judgments.

The Debtor stipulated to the admission of the Second Judgments. No further evidence was received.

## DISCUSSION

As noted above, the sole issue in these proceedings is whether the Second Judgments are entitled to collateral estoppel effect. The collateral estoppel effect of a judgment is determined by the law of the state in which the judgment was rendered and by reference to

the law underlying the claim being pursued in the second proceeding.[2]  Therefore, in this case, the Court looks to Missouri law and § 523(a)(6) of the Bankruptcy Code.

In Missouri, collateral estoppel requires four criteria to be met before the prior proceeding has a preclusive effect: (1) the issue decided in the prior adjudication is identical with the issue presented in the present action; (2) the prior adjudication resulted in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party or was in privity with a party to the prior adjudication; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.[3]  Section 523(a)(6) is implicated by the first requirement.

The Second Judgments satisfy all of these requirements.

**1.**     *The issue decided in the prior adjudication is identical with the issue presented in the present action.*

Essentially, two issues were decided in the prior adjudication.  The state court found that the Defendants transferred assets from LT to LT #1 with the actual intent to hinder, delay, or defraud Elite and Seileman in collecting amounts from LT to satisfy the First Judgments and that Elite and Seileman suffered losses in the amounts of the First Judgments as a result of the Defendant's fraudulent acts.  In this proceeding, § 523(a)(6) presents two parallel issues, which are: 1) whether the Defendants acted with the intent to cause a "willful and malicious" injury to the Plaintiffs, and 2) whether the Plaintiffs were, in fact, injured by those actions.  The Defendant has not challenged the Plaintiffs' assertion that the Defendant's conduct was the proximate cause of their injuries; rather, her argument is limited to the assertion that the state court's finding that the Defendant acted with the actual intent to hinder, delay, or defraud the Plaintiffs does not establish that she caused a "willful and malicious injury" to the Plaintiffs as is required under § 523(a)(6).  In other words, she contends that the issue decided in the first adjudication is different from the issue now before the court.  The Court disagrees.

For purposes of § 523(a)(6), "willful" means that the injury – not merely the act

---

[2] *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984).

[3] *Shahan v. Shahan*, 988 S.W.2d 529, 531 (Mo. 1999).

leading to the injury – must be deliberate or intentional;[4] and "malicious" means that the injury is targeted at the creditor, in the sense that the conduct is certain or almost certain to cause financial harm to that creditor.[5]

The findings in the Second Judgments establish both of these elements. Specifically, paragraph 11 in both of the Second Judgments states that the Defendant transferred assets from LT to LT #1 with the "actual intent to hinder, delay or defraud Elite [and Seileman] in collecting amounts from LT to satisfy the [First] Judgment." The "intent to hinder, delay or defraud" referred to in the Second Judgment is simply a more particularized statement of § 523(a)(6)'s "willful" requirement that a defendant act with an "intent to injure" a creditor. The fact that the State court identified Elite and Seileman as the intended victims of the Defendant's fraud establishes that the Defendant's conduct was, in fact, targeted at those creditors and, therefore, "malicious" as that term is used in § 523(a)(6).[6]

Although not contested, the causation requirement in § 523(a)(6) that a defendant's willful and malicious conduct proximately cause the creditor's injury is established in paragraph 20 of the Second Judgments, wherein the State court stated that the transfer of assets from LT to LT #1 "has resulted in significant loss to Elite [and Seileman] in the amount of the [First] Judgment Award."

### 2.     *The prior adjudication resulted in a judgment on the merits.*

At the hearing on these matters, counsel for the Defendant suggested that the Second Judgments were not judgments on the merits because the Defendant did not actively defend the lawsuits. Counsel stated that, at the trial in the state court, the Defendant was not permitted to put on evidence because she had failed to timely respond to discovery requests and thus the essential facts were deemed admitted. Therefore, he argued, the resulting judgments were more akin to default judgments than judgments on the merits. This

---

[4] *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62, 118 S.Ct. 974, 977 (1998).

[5] *In re Madsen*, 195 F.3d 988, 989 (8th Cir. 1999); *In re Scarborough,* 171 F.3d 638, 641 (8th Cir. 1999); *Waugh v. Eldridge* (*In re Waugh*), 95 F.3d 706, 711 (8th Cir. 1996); *Barclays Amer./Bus. Credit, Inc. v. Long* (*In re Long*), 774 F.2d 875, 881 (8th Cir. 1985).

[6] Contrary to the Defendant's assertion, "malicious" as it is used in § 523(a)(6) does not require "malice" as that term is commonly used.

contention is without merit. The Defendant does not deny that she answered the lawsuits, and in Missouri, a judgment entered after a defendant has appeared in the lawsuit is considered a judgment on the merits, even if a defendant chooses not to otherwise participate in the litigation.[7]

**3.** *The party against whom collateral estoppel is asserted was a party or was in privity with a party to the prior adjudication.*

The Defendant has not contested this element, and the Court finds that the Defendant in these adversary proceedings is the same party against whom the Second Judgments were entered.

**4.** *The party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.*

The Second Judgments satisfy this element of the collateral estoppel test for essentially the same reason discussed in regard to the second element. The Defendant may not have participated in the litigation culminating in the Second Judgments, but there is nothing in the record to support her argument that she did not have a full and fair opportunity to defend herself in that litigation.

### CONCLUSION

In sum, the Court's decision in this case is based on the application of collateral estoppel to two Missouri state court judgments against the Defendant. Upon review of those judgments, the Court finds that: (1) the issues decided in the Second Judgments are identical with the issues presented in the present action under § 523(a)(6); (2) the Second Judgments were decided on the merits; (3) the Defendant was a party to the lawsuits culminating in the Second Judgments; and (4) the Defendant had a full and fair opportunity to litigate the germane issues in the prior suits. Therefore, the Court finds that the debts to Plaintiffs arising from the Second Judgments are nondischargeable under 11 U.S.C. § 523(a)(6). A separate order consistent with this Memorandum Opinion shall be entered pursuant to Fed. R. Bankr. P. 9021.

---

[7] *See Cotleur v. Danzinger*, 870 S.W.2d 234, 237 (Mo. 1994), citing *Ozark Mountain Timber Products, Inc. v. Redus*, 725 S.W.2d 640 (Mo. Ct. App. 1987).

**ENTERED** this 28th day of March 2007.

    /s/    Jerry W. Venters
United States Bankruptcy Judge

Copy of the foregoing mailed electronically or
conventionally to:
Anthony L. Gosserand
Andrew C. Webb